IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LARRY T. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2340-JDT-tmp |
| | ) | |
| CITY OF MEMPHIS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
DENYING MOTION TO AMEND AND FOR INJUNCTIVE RELIEF,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Larry T. Walker, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on May 20, 2015, along with a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in forma pauperis*. (ECF No. 5.) On May 28, 2015, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Federal Rule of Civil Procedure 12(b)(1). (ECF No. 6.) Objections to the R&R were due within 14 days, on or before June 15, 2015. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a)(1)(C), (d). Plaintiff did not file any objections to the R&R. However, on June 19, 2015, Plaintiff filed a motion to amend his complaint and for a restraining order. (ECF No. 7.)

Plaintiff alleges in his complaint that, beginning in 1989, law enforcement officials sent various "informants" to befriend him and then to harass and retaliate against him for prior lawsuits. These informants allegedly planted drugs in his mother's home, repeatedly broke into his home, vandalized his car, and sexually assaulted him while he slept. Plaintiff also alleges that the police and various businesses, restaurants, and television and radio stations are using a "Control Monitor" to read his mind and harass him and have poisoned their food and other products. Magistrate Judge Pham found these allegations warranted *sua sponte* dismissal as frivolous, citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) and *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). (ECF No. 6 at 7-8.) The Court agrees with that recommendation and ADOPTS the R&R.

Plaintiff's motion to amend and for injunctive relief contains the same kinds of allegations as the complaint, *i.e.*, that the Defendants are allowing numerous people to read his mind and using various informants to harass him. Therefore, that motion is DENIED.

For the reasons stated in the Magistrate Judge's R&R, this case is hereby DISMISSED as frivolous, pursuant to § 1915(e)(2)(B)(i) and Federal Rule of Civil Procedure 12(b)(1).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further

authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as frivolous also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE